NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| DEBORAH L. EDWARDS, )<br><br>Plaintiff, )<br><br>v. )<br><br>OCWEN FEDERAL BANK, FSB, and )<br>NHPAHP DEVELOPMENT )<br>CORPORATION, )<br><br>Defendants. ) | Civil Action No.: 08-317 (JLL)<br><br>**OPINION** |

---

**LINARES, District Judge.**

The instant matter comes before the Court on the January 24, 2008, motion of Defendant Ocwen Federal Bank, FSB[1] ("Defendant" or "Ocwen") to dismiss the Amended Complaint of Deborah L. Edwards ("Plaintiff" or "Edwards"). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, Defendant's motion to dismiss is denied.

### INTRODUCTION

Edwards initially filed this action in the Superior Court of Essex County, New Jersey, on June 22, 2007. Edwards then filed an Amended Complaint on December 11, 2007, which Ocwen removed to this Court on January 16, 2008. Ocwen asserts that subject matter jurisdiction exists in this matter under both 28 U.S.C. §§ 1331 and 1332.

The Amended Complaint alleges that Edwards, after her discharge from a Chapter 13

---

[1]Ocwen Federal Bank, FSB's successor-in-interest, Ocwen Loan Servicing, LLC, brought the current motion, and this Court will address both entities herein as "Ocwen." (Def. Br. at 1.)

1

bankruptcy in January 2004, engaged in a series of transactions and disputes with Ocwen. (Compl. at 2-4.)  One of the disputes between Edwards and Ocwen related to Ocwen's attempt to collect a debt of $17,500, the validity of which Edwards denied.  (Id. at 3-4.)  The Complaint states that Edwards was successful in avoiding collection of the debt by Ocwen.  (Id.)

In June 2005, however, while applying for a loan, Edwards discovered that Ocwen had stated to various credit reporting bureaus that her property was in foreclosure and that the $17,500 debt was "charged off."  (Id. at 4.)  Edwards claims that this notation on her credit reports caused the interest rate on all of her mortgages and home equity loans to increase by 2 percentage points.  (Id.)

Ocwen filed its motion to dismiss on January 24, 2008, construing Edwards's Complaint as requesting relief under the Fair Claims Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 to 1681x, and arguing that the Complaint was filed beyond the time permitted under the statute and barred under the terms of an agreement between Ocwen and Edwards.[2]  (Def. Br. at 2-3.)

## DISCUSSION

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled. Courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable

---

[2]Ocwen refers to the standard of review under Federal Rule of Procedure 12(b)(6) in its brief, and states that Edwards has failed to state a claim, but offers no authority or legal argument pertaining to the Complaint in support of such a basis for its motion.  (Def. Br. at 2.)  This Court, therefore, construes the instant motion as one arguing for dismissal based upon the statute of limitations and the release of claims arguments substantively argued by Ocwen.  See, e.g., Newton v. Astrue, — F. Supp 2d —, No. 07-73, 2008 WL 2434207, at *7 (E.D.N.C. June 16, 2008) (deeming issue abandoned absent "supporting discussion, argument or authority").

inferences in favor of the non-moving party.[3]  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).  However, courts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429 (3d Cir. 1997).  Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.  See In re Nice Sys., Ltd. Sec. Litig., 135 F. Supp. 2d 551, 565 (D.N.J. 2001).

A sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Moreover, "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  Id.  Although the proscriptions of Rule 8 apply to all plaintiffs, when a plaintiff is proceeding pro se, the court must construe the complaint liberally.  Altson v. Parker, 363 F.3d 229, 233-34 (3d Cir. 2004); U.S. v. Miller, 197 F.3d 644, 648 (3d Cir. 1999) (recognizing the courts' "time-honored practice of construing pro se plaintiffs' pleadings liberally").  Moreover, given the disparity in legal sophistication, the court will hold a complaint submitted by a pro se plaintiff to a less exacting standard than one submitted by trained counsel.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200

---

[3] In doing so, a court may look only to the facts alleged in the complaint and any accompanying attachments, and may not look at the record. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1251, 1261 (3d Cir. 1994).

(2007); Haines v. Kerner, 404 U.S. 519 (1972).  With this framework in mind, the Court turns

now to Defendant's motion.

### A.      Effect of the Edwards-Ocwen Discount Payoff Agreement

Ocwen argues in its motion that an agreement between the two parties prevents Edwards

from legally stating a claim under the FCRA.  (Def. Br. at 2-3.)  The agreement in question is

styled as a "Discount Payoff Agreement," and Ocwen attaches it to its motion.  (Def. Br. at Ex.

A.)  This Court is empowered, on a Federal Rule of Civil Procedure 12(b)(6) motion, to examine

documents upon which the Plaintiff relies in her Complaint and which are "undisputably

authentic."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d

Cir. 1993).  Edwards, in her Opposition Brief, disputes the authenticity of the document provided

by Ocwen, claiming that the paragraph entitled "Release of Claims" was not included in the

Discount Payoff Agreement.  (Pl. Opp. Br. at 3.)  Given the procedural posture of this case and

the undeveloped record upon which this motion has been brought, this Court finds that the

Discount Payoff Agreement is not undisputably authentic and that it may not be considered by

the Court at this time.  Ocwen's motion to dismiss is, therefore, denied with regard to the

Discount Payoff Agreement argument set forth therein.

### B.      Statute of Limitations under the FCRA

Edwards's Complaint alleges that Ocwen misrepresented information about the $17,500

debt and the nonforeclosed status of her property to credit reporting agencies, resulting in higher

interest rates on her loans.  (Compl. at 4.)  This Court agrees with Ocwen that Edwards's

Complaint requests relief under the FCRA.

The FCRA's statute of limitations provision requires that a claim be brought at the earlier

of two dates: 2 years after discovery by the plaintiff, or 5 years after the violation.  15 U.S.C. §
1681p.  "[T]he law of this Circuit (the so-called 'Third Circuit Rule') permits a limitations
defense to be raised by a motion under Rule 12(b)(6), but only if 'the time alleged in the
statement of a claim shows that the cause of action has not been brought within the statute of
limitations.'"  Robinson v. Johnson, 313 F.3d 128, 135 (3d Cir. 2002) (quoting Hanna v. United
States Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (2d Cir. 1975).

Ocwen argues that Edwards first discovered that Ocwen was trying to recover the
$17,500 debt in June of 2004, and that this date should be considered the discovery date for the
purposes of 15 U.S.C. § 1681p's limitations period.  (Def. Br. at 3.)  The FCRA, however, does
not regulate the collection of debts—it regulates the reporting of such debts.  15 U.S.C. § 1681(a-
b).  See also TWR Inc. v. Andrews, 534 U.S. 19, 29-31 (2001) ("In the usual circumstance, the
plaintiff will gain knowledge of her injury from the credit reporting agency.").  The Complaint
states that Edwards first learned of the credit report issues in June 2005.  (Compl. at 4.)  Based on
the information in the Complaint—the appropriate document for inquiry on a motion to
dismiss—the limitations period began in June 2005.  Robinson, 313 F.3d at 135.  Based on the
facts currently before the Court, the discovery limitations period under § 1681p, therefore, ran
until some point in June 2007.

The Complaint before this Court bears the filing stamp of the Superior Court of Essex
County, New Jersey, and is dated December 11, 2007 by that stamp.  (Compl. at 1.)  Neither
party disputes that date as the filing date for the instant Complaint.  Edwards argues in
opposition, however, that she initially filed a complaint in New Jersey Superior Court on June
22, 2007, and that June 22, 2007, is the correct date for determining her compliance with §

1681p.  (Pl. Opp. Br. at 6.)  The issue with regard to Edwards's compliance with the statute of limitations in this matter thus depends on whether her later complaint relates back to the date of her original filing.

Neither party has elected to brief the issue for the Court as to whether Federal Rule of Civil Procedure 15(c) or New Jersey Rule 4:9-3 applies to this issue, given that the plaintiff filed both pleadings in New Jersey courts but a federal court must now rule on the issue.  Federal Rule 15(c) states that an amendment to a pleading relates back when provided for by statute, when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c). "In essence, application of Rule 15(c) involves a search for a common core of operative facts in the two pleadings.  As such, the court looks to whether the opposing party has had fair notice of the general fact situation and legal theory upon which the amending party proceeds."  Bensel v. Allied Pilots Ass'n, 387 F.3d 298, 310 (3d Cir. 2004).

The New Jersey Supreme Court has described the state doctrine in this way: "[i]n its substance, Rule 4:9-3 is clear: 'Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading[.]'"  Notte v. Merchants Mut. Ins. Co., 888 A.2d 464, 469 (N.J. 2006).  The New Jersey relation back doctrine is intended to be read broadly.  Notte, 888 A.2d at 469 ("Where the amendment constitutes the same matter more fully or differently laid, or the gist of the action or the basic subject of the controversy remains the same, it should be readily allowed and the doctrine of relation back applied.").

This Court, however, will not engage <u>sua sponte</u> in an examination of whether Rule 15(c) or Rule 4:9-3 applies in this case, because the record has been insufficiently developed by the parties to do so.  Neither party has supplied the docket from the Superior Court, and Edwards does not supply the reason for her filing of an additional or amended pleading against the same parties in December of 2007.  While a simple reading of the two complaints indicates that both describe the same transactions and request relief under the same theory, this Court is not aware of the circumstances under which Edwards chose, or was compelled, to file her December pleading. If notice had not been provided to Ocwen of the original complaint, under application of Rule 15(c), the new pleading might not relate back.  For instance, although Edwards does provide an unsigned form summons in her opposition papers, this Court has no indication from the record whether service of process actually occurred with regard to the June filing.  (Pl. Opp. Br. at Ex. C.)  Upon this thin record, therefore, this Court will not reach the issue of statute of limitations, and denies that portion of Defendant's motion to dismiss.

## CONCLUSION

For the forgoing reasons, this Court denies Defendant's motion in its entirety.  An appropriate Order accompanies this Opinion.


DATED: July 28, 2008                                 /s/ Jose L. Linares
                                                   United States District Judge