**UNITED STATES DISTRICT COURT**
**District of New Jersey**

CHAMBERS OF
**JOSE L. LINARES**
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**                    **CLOSED**

**LETTER OPINION**

January 25, 2010

Deborah L. Edwards
29-31 Girard Place
Newark, NJ 07108

Gina M. Zippili, Esq.
Cureton Clark, PC
3000 Midlantic Drive, Suite 200
Mt. Laurel, NJ 08054

> Re:    **Edwards v. Ocwen Federal Bank, FSB**
>            **Civil Action: 08-317 (JLL)**

Dear Litigants:

This matter comes before the Court by way of two motions: (1) Defendant's motion for summary judgment [Docket Entry No. 32], and (2) Plaintiff's motion for leave to amend her complaint [Docket Entry No. 41]. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Plaintiff's motion to amend is **denied** and Defendant's motion for summary judgment is **granted.**

**1.     Plaintiff's Motion to Amend**

By way of background, on June 15, 2009, Plaintiff was granted leave to file an Amended Complaint by the Honorable Claire C. Cecchi. (Docket Entry No. 25). On October 19, 2009, in response to a Notice of Call for Dismissal entered by the Court, Plaintiff informally sought permission to file a Second Amended Complaint. (Docket Entry No. 36). In light of this submission, the Court entered an Order on October 21, 2009 allowing Plaintiff to file a formal motion to amend her complaint on or before Wednesday, November 11, 2009. (Docket Entry No. 34). Plaintiff filed a formal motion to amend on November 12, 2009. (Docket Entry No.41).[1]

---

[1] November 11, 2009 was a Court holiday.

1

Plaintiff seeks to amend her complaint "to include the corporations, boards and individual members of Ocwen Financial Corporation and Ocwen Loan Servicing LLC, et. al." (Pl. Br. at 1). Defendant opposes Plaintiff's request for a variety of reasons, including, but not limited to: (1) the untimeliness of the motion, (2) Plaintiff's failure to attach a copy of the proposed Second Amended Complaint, in violation of Local Civil Rule 7.1(f), and (3) the futility of the proposed amendment.

A party may amend a pleading "once as a matter of course . . . before being served with a responsive pleading . . . ." Fed. R. Civ. P. 15(a)(1)(A); see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). "After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but 'leave shall be freely given when justice so requires.' " Shane, 213 F.3d at 115 (citing Fed. R. Civ. P 15(a)). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." Id.  An amendment is futile when a proposed amended complaint "would fail to state a claim upon which relief could be granted." Id. Thus, "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id.

For a complaint to survive dismissal under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir.2008).

## A.    Timeliness

Plaintiff's motion seeks to add new defendants, rather than new causes of action.  Magistrate Judge Cecchi's September 5, 2008 Schedule Order provides that "[n]o motions to add parties or to amend pleadings shall be filed after the close of discovery [March 6, 2009]." (Docket Entry No. 12). On June 15, 2009, Magistrate Judge Cecchi entered an Amended Scheduling Order extending discovery until September 15, 2009. (Docket Entry No. 25).  Plaintiff's informal request to file a Second Amended Complaint was filed with the Court on October 19, 2009.  (Docket Entry No. 36). Thus, even if the Court were to construe Plaintiff's formal motion to amend (filed on November 12, 2009) as being filed on the date on which she first sought informal permission to amend her complaint (October 19, 2009), such application would be untimely pursuant to Magistrate Judge Cecchi's September 5, 2008 Scheduling Order, as amended by Order dated June 15, 2009. Plaintiff's motion for leave to file a Second Amended Complaint could be denied on this basis alone.

## B.    Compliance With Local Civil Rule 7.1(f)

Even if the Court were inclined to overlook the untimeliness of Plaintiff's motion, such motion would nevertheless be denied because it fails to comply with the dictates of Local Civil Rule 7.1(f).  Local Civil Rule 7.1(f) provides, in relevant part, that:

> Upon filing of a motion for leave to file an amended complaint . . .
> the moving party ***shall*** attach to the motion a copy of the proposed
> pleading or amendments and retain the original until the Court has
> ruled.  If leave to file is granted, the moving party shall file the
> original forthwith.

L. Civ. R. 7.1(f) (emphasis added). This Court's October 21, 2009 Order allowed Plaintiff to file a formal motion to amend her complaint "***which complies with all applicable local and federal rules***." (Docket Entry No. 34) (emphasis added).  Although Plaintiff attached a variety of documents to her motion to amend, which was filed on November 12, 2009, Plaintiff failed to attach a copy of the proposed Second Amended Complaint, as required by Local Civil Rule 7.1(f).  Without a copy of the proposed Second Amended Complaint, the Court cannot thoroughly evaluate the merits of Plaintiff's request.  Plaintiff has had ample opportunity since submitting her motion to amend (on November 12, 2009) to supplement her filing with a copy of the proposed Second Amended Complaint.  In fact, Defendants' opposition brief (filed on December 1, 2009) specifically alerted Plaintiff to this deficiency, yet, she failed to correct this error.  Accordingly, Plaintiff's motion to file a Second Amended Complaint is **denied**.  <u>See, e.g.</u>, <u>Lake v. Arnold</u>, 232 F.3d 360, 374 (3d Cir. 2000) (concluding that plaintiff's failure to provide a draft amended complaint would be an adequate basis on which to deny plaintiff's request and noting its inclination  to give the district court  even broader discretion where the court has previously granted the requesting party an opportunity to amend its complaint).  The Court will consider Plaintiff's Amended Complaint (Docket Entry No. 19) as the operative complaint for purposes of assessing Defendant's currently pending motion for summary judgment.[2]

---

[2] Although the Court need not reach the issue of whether Plaintiff's proposed amendments – which seek to add "the corporations, boards and individual members of Ocwen Financial Corporation and Ocwen Loan Servicing LLC" as individual defendants – would be futile, the Court does note that Plaintiff has failed to allege any set of facts, <u>whatsoever</u>, tying the foregoing individuals to the claim(s) at issue.  In fact, Plaintiff's motion to amend only makes reference to a single "Defendant" which the Court can only construe as referring to Ocwen Federal Bank, FSB.  To the extent Plaintiff seeks to add additional defendants – including individual (unidentified) members of Ocwen Financial Corporation – Plaintiff's proposed amendment(s)  "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " <u>Iqbal</u>, 129 S.Ct. at 1949.  Plaintiff has failed to do so.  Not only has Plaintiff failed to attach the proposed Second Amended Complaint to her motion, but even the motion to amend itself fails to provide sufficient facts which, if accepted as true, state a plausible claim to relief as to ***each*** of the proposed defendants.

2.      **Defendant's Motion for Summary Judgment**

As a preliminary matter, Defendant construes Plaintiff's Amended Complaint as setting forth two causes of action: (1) violation of the  Fair Claims Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 to 1681x, and (2) a claim for defamation under N.J.S.A. 2A:14-3.  Plaintiff does not take issue with Defendant's interpretation of the claims asserted in Plaintiff's Amended Complaint and the Court finds same to be reasonable.  Defendant now seeks dismissal of both claims pursuant to Federal Rule of Civil Procedure 56.

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial. Id. at 324.

A.      **Factual and Procedural Background**

The relevant facts are not in dispute.[3]  Ocwen began servicing Plaintiff's mortgage at some point between 1997 and 2001. (Defendant's Rule 56.1 Statement of Undisputed Material Facts, hereinafter referred to as "Def. 56.1 Statement," ¶ 2); (Plaintiff's Response to Def. 56.1 Statement, Pl. Br. at 4).  Plaintiff and Ocwen entered into a discounted payoff agreement ("Payoff Agreement") in connection with Plaintiff's mortgage in February 2004. (Def. 56.1 Statement, ¶ 4).  Pursuant to the Payoff Agreement, Ocwen reduced Plaintiff's mortgage balance from $100,000.00 to $90,262.44. (Id., ¶ 6).  Plaintiff first learned that this "charge off" was reflected on her credit report on June 24, 2005.  (Id., ¶ 19).

In light of the foregoing, Plaintiff initially filed this action in the Superior Court of Essex County, New Jersey, on June 22, 2007. (Id., ¶ 16).  Edwards then filed an Amended Complaint on December 11, 2007, which Ocwen removed to this Court on January 16, 2008.  (Id.).  On March 30, 2009, Plaintiff filed an Amended Complaint (in this Court) against Ocwen alleging a violation of the FCRA based upon Defendant's decision to report the "charge off" to the credit reporting bureaus. (Id., ¶ 9).[4] According to the Plaintiff, the reporting of the charge off on her credit report has caused the interest rate on her mortgages and home equity loans to increase by 2 percentage points. (Id., ¶ 10).   In addition, Plaintiff seeks damages for defamation of character based upon the alleged

---

[3]  Local Civil Rule 56.1(a) makes clear that "any material facts not disputed shall be deemed undisputed for purposes of the summary judgment motion." L. Civ. R. 56.1.  Plaintiff has chosen to dispute only a single paragraph (¶ 2) of Defendant's 56.1 Statement. See Pl. Br. at 4.

[4]  Leave to file such complaint was granted by Magistrate Judge Claire C. Cecchi on June 15, 2009. (Docket Entry No. 25).

"misinformation" reported to the credit bureaus by the Defendant.

**B.    Discussion**

Defendant now seeks dismissal of both claims asserted in Plaintiff's Amended Complaint: (1) violation of the FCRA, and (2) defamation.

<u>Violation of the FCRA</u>

Defendant seeks dismissal of Plaintiff's FCRA claim on the basis that: (1) Plaintiff's claim is barred by the applicable statute of limitations, and (2) Plaintiff has failed to offer any proof in support of her claim that she received a higher interest rate because of the reported charge off.

15 U.S.C. § 1681p provides, in relevant part, that:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –
>
> (1)    2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or
>
> (2)    5 years after the date on which the violation that is the basis for such liability occurs.

Plaintiff first discovered that Defendant had reported the $17,500 charge off to the credit bureaus on June 24, 2005. (Ex. B to Def. 56.1 Statement, Tr. at 80:21-23). Plaintiff does not dispute that the two-year statute of limitations applied and that the limitations period, therefore, expired on June 24, 2007. (Pl. Br. at 3). Plaintiff maintains that her claim is timely inasmuch as her initial complaint against Ocwen was filed on June 22, 2007.

Defendant, on the other hand, maintains that although such complaint may have been filed with the Court, Defendant was never served with a copy of same, nor was Defendant notified of any such June 2007 filing. (Neil Aff., ¶ 4). Instead, Defendant was first notified of Plaintiff's cause of action in December 2007 (<u>id.</u>) upon being served with a copy of a complaint which had been filed by the Plaintiff in Essex County Superior Court on December 11, 2007.[5] In response, Plaintiff argues that her claim is not time-barred because such claim relates back to the date of filing of the

---

[5] Defendant's Notice of Removal states that Plaintiff's complaint was filed on December 11, 2007 and that Defendant was served with a copy of same on December 18, 2007. (Docket Entry No. 1, ¶¶ 1-2). A copy of the December 11, 2007 filing is attached to Defendant's Notice of Removal. (Docket Entry No. 1 at 7).

original complaint pursuant to Federal Rule of Civil Procedure 15(c)(1)(B),[6] which provides, in relevant part, that:

> An amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the same conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading.

Fed. R. Civ. P. 15(c)(1)(B). Here, there is no dispute that Plaintiff's FCRA claim (as set forth in the December 2007 complaint) arose out of the same occurrence described in the June 2007 complaint. See Def. 56.1 Statement, ¶16. However, "the touchstone for relation back pursuant to Rule 15(c) [] is notice, i.e., whether the original pleading gave a party 'adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense.'" United States v. The Baylor Univ. Med. Ctr., 469 F.3d 263, 270 (2d Cir. 2006) (citations omitted). In this regard, the Supreme Court has explained:

> The rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide. Although the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief they do require that the pleadings "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Because the initial "pleading" did not contain such notice, it was not an original pleading that could be rehabilitated by invoking Rule 15(c).

Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 150 (1984) (internal citations omitted). Thus, the fact that the claim set forth in the December 2007 complaint arose out of the same occurrence described in the June 2007 complaint does not end the Court's inquiry; rather, in order for the relation back doctrine to apply, the Court must also assess whether Defendant received timely notice of the occurrence set forth in the June 2007 complaint.

The Third Circuit has interpreted the relation back doctrine as providing for a notice period of 120 days after the plaintiff files his original complaint. See, e.g., Garvin v. City of Philadelphia, 354 F.3d 215, 225-27 (3d Cir. 2003) ("The parties to be brought in by amendment must have received notice of the institution of the action within 120 days following the filing of the action, the period provided for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure.");

---

[6] The Court notes that although Plaintiff refers to the "relation back" doctrine, Plaintiff does not cite to Federal Rule of Civil Procedure 15, much less to the specific subsection of same that she believes to be applicable. In light of Plaintiff's pro se status, the Court liberally construes her argument in this regard.

6

Lundy v. Adamar of New Jersey, Inc., 34 F.3d 1173, 1181-82 (3d Cir.1994) (applying 120-day notice period from date of filing of original complaint in assessing whether relation back doctrine would apply). Other courts have interpreted the rule as providing for an additional 120-day notice period extending beyond the expiration of the statute of limitations. See, e.g., Yanez v. Columbia Coastal Transport, Inc., 68 F. Supp. 2d 489, 492 (D.N.J. 1999). And yet other courts have interpreted the rule "as allowing amendments to relate back if the new party receives notice 'within the limitations period, or within 120 days of the timely filing of the complaint, whichever is later.' " Id.

Plaintiff has offered no proof that service of the June 22, 2007 complaint was ever properly effectuated – or even attempted – on the Defendant.[7]  By contrast, Defendant has submitted a statement under oath confirming that Defendant was never served with a copy of same, nor was Defendant even notified of any such June 2007 filing. (Neil Aff., ¶ 4). Defendant first received notice of the FCRA claim at issue on December 18, 2007. (Docket Entry No. 1, ¶¶ 1-2). Thus, it is undisputed that Defendant failed to receive notice of the FCRA claim within 120 days of either (a) the date on which the statute of limitations was set to expire (June 24, 2007) or (b) the date on which the original (June 22, 2007) complaint was filed with the Court. See Neil Aff., ¶ (stating under oath that Defendant was first notified of the claims in or around December 2007).  In light of the foregoing, the Court cannot, as a practical matter, deem the subsequently filed December 2007 complaint as relating back to a June 2007 complaint of which Defendant had no notice.

Thus, the following factors are undisputed: (1) Plaintiff first discovered the facts underlying her FCRA claim – namely, that Defendant had reported the $17,500 charge off to the credit bureaus – on June 24, 2005; (2) Plaintiff admits that a two-year statute of limitations applies to her FCRA claim; and (3) Plaintiff filed her complaint against Defendant in Essex County Superior Court on December 11, 2007, approximately six months after the two-year statute of limitations on her FCRA claim had expired.  Plaintiff's FCRA claim is, therefore, barred by the statute of limitations. Defendant's motion for summary judgment as to said claim is granted.[8]

_____

[7] Plaintiff attaches, as Exhibit D to her opposition brief, several FedEx delivery confirmation slips reflecting delivery of various pieces of mail to various address in Florida between December 17, 2007 and December 18, 2007.  Regardless of whether or not such constitutes proper service of process, Plaintiff does not even allege – much less by way of sworn affidavit – that such delivery confirmation slips reflected service of the June 2007 – as opposed to December 2007 – complaint on the Defendant.  To the contrary, given that Plaintiff's subsequent complaint was filed in state court on December 11, 2007 and served upon Defendant on December 18, 2007, it logically follows that the FedEx slips attached to Plaintiff's opposition brief correspond with the December 2007 complaint.

[8] Even assuming, arguendo, that Plaintiff's FCRA claim were not barred by the statute of limitations, Plaintiff's claim would nevertheless fail inasmuch as the Court agrees with Defendant's alternative argument that Plaintiff's proofs are clearly lacking as to the allegation that Defendant's reporting of the charge off on her credit report has caused the interest rate on her mortgages and home equity loans to increase by 2 percentage points.  Plaintiff's own deposition testimony confirms

<u>Defamation</u>

Plaintiff's Amended Complaint provides that damages in the amount of $500,000 are sought as a result of "defamation of credit character and credit reputation." (Am. Compl. at 8).  Defendant now seeks summary judgment as to this claim on the basis that any such claim is time barred pursuant to New Jersey's one-year statute of limitations for claims of defamation.  In opposition, Plaintiff maintains that any such claim of defamation is "based upon the Fair Credit Reporting Act." (Pl. Opp'n Br. at 4); therefore, a two-year – not one-year – statute of limitations applies.

To the extent Plaintiff's defamation-related allegations were merely intended to supplement her claim pursuant to the FCRA, the Court has already found such claim to be barred by the applicable two-year statute of limitations.  To the extent the Court should construe Plaintiff's defamation-related allegations as a separate claim for defamation under New Jersey law, the Court agrees, based on the reasons that follow, that such claim would be barred by New Jersey's one-year statute of limitations for claims of defamation.

To state a claim for defamation under New Jersey law, a plaintiff must show "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." <u>DeAngelis v. Hill</u>, 180 N.J. 1, 12 (2004).  N.J.S.A. § 2A:14-3 provides for a one-year statute of limitations for claims of defamation.  Here, it is undisputed that publication of the charge off by the Defendant occurred no later than June 24, 2005, the date on which Plaintiff first discovered that such information was contained in her credit report.  It is also undisputed that  Plaintiff failed to assert a claim of defamation as against Defendant prior to June 2007.  Thus, to the extent Plaintiff intended to assert a separate claim for defamation under New Jersey law, any such claim is time-barred.  <u>See</u> <u>Cipriani Builders, Inc. v. Madden</u>, 389 N.J. Super. 154, 173 (App. Div. 2006) (finding defamation claims time-barred where memoranda upon which plaintiff based libel claims were published more

---

that such documentary proofs are lacking.  <u>See</u> Ex. B to Def. 56.1 Statement, Tr. at 18:5-19:8, Docket Entry No. 32-3 ("Q: I'm just asking if you have those documents? A: No, I don't.").  Federal Rule of Civil Procedure 56(e)(2) directs, in relevant part, the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations of denials in its own pleadings; rather, its response must – by affidavits or as otherwise provided in this rule – set out specifics facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).  Because Plaintiff has failed to substantiate her claim with anything more than pure speculation, no genuine issue of material fact exists as to this claim.  Therefore, Defendant's motion for summary judgment as to this claim would, in any event, be granted.

than one year before the complaint was filed).  Defendant's motion for summary judgment as to Plaintiff's defamation claim is, therefore, granted.

**3.      Conclusion**

Based on the reasons set forth above, Plaintiff's motion for leave to file a Second Amended Complaint [Docket Entry No. 41] is **denied**.  Defendant's motion for summary judgment is **granted** in its entirety.  An appropriate Order accompanies this Letter Opinion.


                                                    Sincerely,

                                                    /s/ Jose L. Linares
                                                    United States District Judge

9